UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET. NO. 3:08-CR-128-MOC-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| **CHAD RODREGUS WADE,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 63. The Government has responded in opposition to the Motion. (Doc. No. 72). For the following reasons, Defendant's Motion will be **DENIED**.

## I. BACKGROUND

On October 30, 2008, Defendant pleaded guilty to Possessing at least 5 Grams of Crack Cocaine with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1); Possessing a Firearm During and in Relation to a Drug-Trafficking Offense in violation of 18 U.S.C. § 924(c); and Possessing a Firearm as a Convicted Felon, 18 U.S.C. § 922(g)(1). (Doc. No. 13). This Court sentenced Defendant to 202 months in prison on the drug-trafficking offense, 120 months in prison for the felon-in-possession charge to be served concurrently, and to 60 months in prison for the § 924(c) firearm offense to be served consecutively. (Doc. No. 35).

These charges stemmed from events in August 2007 when Defendant was stopped for driving without a seat belt. (Doc. No. 72 at 1–2). After noticing an odor of marijuana emanating from Defendant's car, police searched the car and found 15.2 grams of crack cocaine, a .44 caliber pistol, sandwich baggies, a set of digital scales, razor blades, and more than $1,600 in cash. (Id.).

1

In May 2015, this Court reduced Defendant's sentence to time served and he began his term of supervised release. (Doc. No. 44). In February 2016, police found Defendant in possession of 5 grams of crack cocaine and 4.4 grams of powder cocaine. (Doc. No. 46). As a result, Defendant was arrested, indicted on new charges, and charged with violation of the conditions of supervised release. (Doc. No. 72 at 3). Defendant pled guilty, and this Court sentenced him to 120 months imprisonment for the new charges and to a consecutive sentence of 14 months in prison for the violation of the conditions of supervised release, for a total of 144 months imprisonment. (Doc. No. 62).

## II. DISCUSSION

Once a defendant properly exhausts his administrative remedies, this Court may reduce Defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. That policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release.

In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . .

. § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, the Court is "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). The Court still may consider § 1B1.13 factors, however, because that Section "remains helpful guidance even when motions are filed by defendants." Id. at 282, fn.7. As the movant, Defendant still bears the burden of establishing that he is eligible for a sentence reduction, and that includes establishing that "extraordinary and compelling reasons" justify his request. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Defendant cites the dangers of COVID-19 as grounds for compassionate release. (Doc. No. 69 at 3–5). But Courts have held that the COVID-19 pandemic, by itself, is not a sufficient basis for compassionate release. See, e.g., United States v. Thompson, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release."); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release …") and United States v. Burks, 2021 WL 1394857, at *3 (W.D.N.C. Apr. 13, 2021) (Cogburn, J.) ("[T]he continued threat of COVID-19 is not an extraordinary and compelling reason for release."). Therefore, Defendant's generalized concerns about the dangers of COVID-19 do not amount to a sufficient basis for the Court to grant compassionate release.

The parties agree that Defendant is eligible for a discretionary reduction of his supervised release sentence under the First Step Act because he was convicted of a "covered offense" within the meaning of the First Step Act. See (Doc. No. 72 a t 3–4). However, this Court declines to exercise its discretion in granting a sentence reduction for two reasons.

3

First, the Sentencing Guidelines range applicable to Defendant's conduct has not changed. (Id. at 4–5). As the Government points out, the appropriate guideline range for Defendant's conduct under current guidelines would be 51 to 63 months of imprisonment capped by a mandatory-minimum term of 60 months, which is the same range the Court considered when it last sentenced Defendant. See (Id. at 5), (Doc No. 46 at 6); see also 18 U.S.C. § 3583(e)(3). Therefore, Defendant cannot argue that current sentence reflects obsolete sentencing guidelines or that he would be likely to receive a substantially different sentence under current law.

Second, the Section 3553(a) factors counsel against the Court exercising its discretion in favor of compassionate release at this time. Section 3553(a) provides "factors to be considered in imposing a sentence." 18 U.S.C. § 3553(a). Under Section 3553(a), the Court must consider a variety of factors including inter alia "the nature and circumstances of the offense and the history and characteristics of the defendant," the need for "adequate deterrence to criminal conduct" and the need "to protect the public from further crimes of the defendant." Id. The Court should also consider the applicable sentencing range and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Id.

Here, Defendant's criminal history includes drug and firearms convictions in 2003, drug convictions in 2004, the drug and firearm convictions from 2008 discussed above, and the 2016 drug violations also discussed above. (Doc. No. 72 at 5–6). Indeed, Defendant began to reoffend less than a year after he was released from prison in 2015. In addition, Defendant has committed three infractions while in the custody of the Bureau of Prisons since his return to prison in 2016. (Id.). With this extensive record, it would be inappropriate for the Court to exercise its discretion and grant Defendant a reduction of sentence at this time. Defendant has not persuaded the Court

4

that he will not soon reoffend upon release. The Court also finds that early release would undermine the deterrent value of the sentence in this case and would result in significantly more lenient treatment of Defendant than would be typical for defendants in similar cases (and with similarly extensive criminal histories and disciplinary issues). Therefore, the Court declines to exercise its discretion to grant a reduction of sentence in this case.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 63), is **DENIED**.

Max O. Cogburn Jr
United States District Judge

Signed: March 25, 2022